United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CASEY SCHLOTTMAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-2784 |
| | § | |
| AARON'S LLC, TAYLOR JORDAN URBANOWICZ, and PATRICK SCOTT ROBINSON, | § § § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Pending before the Court is Defendant Patrick Scott Robinson's ("Robinson") Motion for Summary Judgment. (Doc. No. 24). Plaintiff Casey Schlottman ("Schlottman") responded in opposition. (Doc. No. 25). Robinson replied in support of his motion. (Doc. No. 27). After considering the filings, admissible summary judgment evidence, and the relevant legal standards, the Court hereby **DENIES** Robinson's Motion for Summary Judgment.

## I. Background

This case arises from a four-car collision that occurred in Houston, Texas. The four cars were apparently traveling the same direction. Defendant Taylor Jordan Urbanowicz was driving the rearmost vehicle, which rear-ended Schlottman's vehicle. Schlottman's vehicle then rear-ended Robinson's vehicle. Robinson's vehicle then rear-ended a fourth vehicle, the driver of which is not a party to this case. Schlottman brought this suit for negligence against Urbanowicz (a driver for Aaron's LLC), Aaron's LLC, and Robinson. Robinson has now moved for summary judgment.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III. Analysis

Robinson argues that summary judgment is appropriate because (1) there is no evidence suggesting that Robinson was negligent, and/or (2) Plaintiff cannot recover because Plaintiff was at least 50 percent responsible for the collision. Robinson argues primarily that he cannot be negligent—or that Plaintiff is at least 50 percent responsible—because Plaintiff cannot, as a matter

of law, overcome the presumption of negligence since she rear-ended Defendant's vehicle." (Doc. No. 27 at 5).

In support of this proposition, Robinson cites, in his reply, three New York cases that seem to suggest the existence of a presumption that drivers that rear-end other drivers are negligent under New York law. This is a diversity action. (Doc. No. 14 (order denying remand)). "In a diversity action, a federal court applies the substantive law of the state in which it sits." *G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 104 (5th Cir. 2014). Robinson has not cited, and this Court is unable to find, any Texas case suggesting the existence of a similar presumption in Texas law. *See Vandyke v. Austin Indep. Sch. Dist.*, 547 S.W.2d 354, 357 (Tex. Civ. App.—Austin 1977, no writ.) ("The mere occurrence, however, of a rear-end collision will not present evidence as a matter of law . . . .").

That being the case, Robinson's motion fails to "identify[] those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf*, 485 F.3d at 261. Assuming that Robinson could carry this burden, however, Schlottman would then be required to point the Court to "specific facts showing that there is a genuine dispute." *Celotex*, 477 U.S. at 324.

Schlottman has pointed to the police report, (Doc. No. 25–2), which lists as a contributing factor to the collision that Robinson's vehicle "failed to control speed." (Doc. No. 25–2 at 2). A reasonable jury could conclude that Robinson was negligent for failing to control his speed based on this evidence. That being the case, even if Robinson's motion properly identified a portion of the record demonstrating the absence of a genuine issue of material fact on Robinson's negligence, Schlottman has put forward evidence from which a reasonable juror could conclude that Robinson was negligent. Robinson's motion for summary judgment is denied.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Robinson's Motion for Summary Judgment. (Doc. No. 24).

It is so ordered.

Signed on this the 19th day of October 2026.

Andrew S. Hanen
United States District Judge